**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10062 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02433-DCB-GEE-1 |
| v. | |
| MARCO HOYOS-GRIJALVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 12, 2013[**]
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

Hoyos-Grijalva was convicted by a jury for Attempted Illegal Re-Entry after

Deportation in violation of 8 U.S.C. § 1326(a). He appeals from the district court's

judgment, challenging (1) the denial of his motion for judgment of acquittal and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(2) the jury's verdict based on sufficiency of the evidence. We review by asking

whether, construing the evidence in the light most favorable to the government,

any rational trier of fact could have found the elements of the crime beyond a

reasonable doubt. *See United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th

Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The crime of attempted illegal reentry requires, among other things, (1) a

specific intent, or "conscious desire," to reenter the United States without consent

and (2) an overt act. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th

Cir. 2000) (en banc).

The government presented sufficient evidence for a rational juror to find the

requisite specific intent beyond a reasonable doubt. Based on the evidence, a

rational juror could have rejected the theory that Hoyos-Grijalva presented himself

at the border with an innocent, rather than criminal, purpose. *See Id.* at 1193.

Moreover, we reject Hoyos-Grijalva's argument that he could not have had

the specific intent to enter the United States because he was under official restraint

at the border. Although Hoyos-Grijalva may have been under official restraint at

the port of entry, a rational trier of fact could conclude that his conscious desire

was to "change that status" by proceeding to Seattle to live and work. *See United*

*States v. Lombera-Valdovinos*, 429 F.3d 927, 930 (9th Cir. 2005).

2

A rational trier of fact could conclude that Hoyos-Grijalva engaged in an overt act because his presentation at the border was an "effort" to reenter the United States. *See Leos-Maldonado*, 302 F.3d at 1064.

Accordingly, the evidence was sufficient to support the conviction and the district court did not err in denying the motion for acquittal.

**AFFIRMED.**